

**United States District Court – Southern District of Ohio**
**Cincinnati Division**
Potter Stewart U.S. Courthouse
100 E. 5th Street
Cincinnati, OH 45202

**JORDAN M. ALBRIGHT**

Plaintiff,

v.

**UNIVERSITY OF CINCINNATI,**

Defendant.

**Case No.:** 1:26-cv-00344

**Judge Susan Dlott**

# FIRST AMENDED COMPLAINT

(Pursuant to Federal Rule of Civil Procedure 15(a))

## INTRODUCTION

1. Plaintiff, **Jordan Albright**, brings this action for discrimination in graduate admissions in violation of **Title VI of the Civil Rights Act of 1964** and, where applicable, **Title IX of the Education Amendments of 1972**.
2. Defendant, the University of Cincinnati, a federally funded institution, denied Plaintiff admission under circumstances giving rise to an inference of unlawful discrimination.
3. Plaintiff has suffered **significant emotional distress, mental suffering, and long-term economic harm**, including lost educational and career opportunities.
4. Plaintiff seeks **reconsideration of admission, access to demographic statistics, policy reform, and monetary compensation** for the harms caused.

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to:

- o 28 U.S.C. § 1331 (federal question jurisdiction);
- o 42 U.S.C. § 2000d (Title VI);
- o 20 U.S.C. § 1681 (Title IX).

Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this action occurred within the Southern District of Ohio, and Defendant resides in this district.

## II. PARTIES

- Plaintiff, Jordan M. Albright, is an individual who applied for admission to Defendant's graduate School Counseling program.
- Defendant, the University of Cincinnati, is a public university operating graduate education programs, including the School Counseling program at issue.

## III. FACTUAL ALLEGATIONS

1. Plaintiff applied to Defendant's graduate program in **school counseling** on January 13, 2026 and received an application completion confirmation email from the University of Cincinnati on January 15, 2026.
2. Admission to this program is **required for licensure as a school counselor in Ohio** and to pursue a professional career in the field.
3. Plaintiff possesses stellar qualifications including military service, leadership experience, and exceptional academic achievement, which exceed program requirements.
4. Despite these qualifications, Plaintiff was denied admission under circumstances suggesting discrimination based on **[race, national origin, and/or sex]**.
5. Plaintiff filed a complaint with the **U.S. Department of Education Office for Civil Rights (OCR)** on **April 5, 2026**, complaint reference (see OCR attachment), alleging discriminatory admissions practices.
6. On the same date, Plaintiff filed a complaint with Defendant's **Equal Opportunity Office** complaint reference #00039926, requesting an investigation and disclosure of admissions demographic statistics.
7. Defendant has not provided complete demographic data or sufficient transparency regarding admissions decisions.
8. **On April 14, 2026**, Plaintiff participated in an initial consultation with the university's Office of Equal Opportunity (OEO) and Equal Opportunity Specialist (Mr. Don Simpson) outlining the discrimination complaint process and discussing Plaintiff's discrimination complaint letter that was submitted on behalf of the University of Cincinnati graduate admissions. **On April 21, 2026**, Plaintiff received a follow up email from Mr. Simpson informing him that, unfortunately, Plaintiff would have to contact the pre-interview

School Counseling applicant review committee on his own in order to obtain information regarding discrimination, because Mr. Simpson he was unable to receive any information from Mr. Scott Pena (Graduate Sr. Admissions Counselor) regarding the Plaintiff's *school counseling* graduate application and any discrimination disparities within the program.

9. **On April 22, 2026**, Plaintiff inquired via email to Mr. Simpson, if an active formal investigation was underway within the office of Equal Opportunity. In response, Mr. Simpson informed Plaintiff that *no active investigation exists at this time* and that the only step taken was the initial consultation.

   a. Mr. Simpson also stated to Plaintiff, "As you may recall, during the consultation, I informed you that you would need to provide evidence of a policy violation." and he gave Plaintiff a formal complaint form that was not provided until a week after the initial consultation regarding discrimination. Mr. Simpson has disclosed to Plaintiff that the Office for Civil Rights (OCR) was a separate investigation process from any investigation that the Office of Equal Opportunity conducts.

   b. These communications indicate that the Plaintiff was expected to independently obtain evidence and information from individuals directly involved in the admissions decisionmaking process. No indication was provided that the OEO would conduct independent fact-finding, contact relevant decision-makers, or undertake an investigative review. This effectively placed the burden of developing the factual record on the Plaintiff as the complainant and raises concerns regarding the adequacy, fairness, and impartiality of the entire process as Plaintiff is an African-American male applicant.

10. **On April 22, 2026**, Plaintiff submitted a signed formal complaint to the University of Cincinnati's Office of Equal Opportunity (OEO) *Executive Director* due to the mishandling of Plaintiff's initial discrimination complaint by the Equal Opportunity Specialist who did not disclose and convey their investigation process effectively.

11. Furthermore, the plaintiff did not receive a formal complaint form to be completed by the OEO specialist until a week after their initial consultation on **April 14, 2026**. These inconsistencies by the Office of Equal Opportunity have potentially caused a *"Compliance Gap"* for the Plaintiff and intentional investigative delays. As a result, Plaintiff has since had to file another discrimination complaint with the Office for Civil Rights (OCR) in order to ensure that the University of Cincinnati's Office of Equal Opportunity handles their internal formal discrimination complaint according to OCRs policies as they are required by law to uphold and follow all procedures and not neglect any administrative steps during the investigation intake process as well as after a formal complaint has been submitted.

12. Consequently, Plaintiff has experienced unfair treatment directly from the Office of Equal Opportunity (OEO) and respectfully requests that this court conduct an investigation through **Discovery**. Unfortunately, the University of Cincinnati's Office of Equal

Opportunity is mishandling their internal formal complaints and not giving the Plaintiff proper notice of investigation procedures.

13. As a result of all the Defendant's actions and factual allegations, Plaintiff has suffered ongoing:
    a. Emotional distress and mental suffering;
    b. Loss of timely access to a required graduate degree;
    c. Delay in entering a licensed profession (approximately 1–3 years);
    d. Long-term economic harm, including diminished earning capacity;
    e. Loss of employment benefits, including pensions and healthcare;
    f. Lost promotions and career advancement opportunities.

## A. Admissions Process

- Defendant operates a discretionary, faculty-reviewed admissions process for its School Counseling graduate program.
- Applications are reviewed by multiple faculty members and administrative personnel using internal criteria not disclosed to applicants.
- Defendant maintains records reflecting application submissions, review status, and admissions decisions.

## B. Application Submission

- Plaintiff applied to Defendant's School Counseling graduate program for the relevant admissions cycle.
- Plaintiff submitted all required application materials through Defendant's online admissions system.
- Plaintiff received confirmation through the admissions portal indicating that his application was complete and successfully submitted.

## C. Application Status Communications

- After submission confirmation, Plaintiff was informed by Defendant's admissions office that his application could not be located in Defendant's system.
- The admissions portal reflected that Plaintiff's application had been successfully submitted and marked complete.

## D. Prior Enrollment Record

- Plaintiff was previously enrolled as a student at the University of Cincinnati and maintained an existing student record within Defendant's institutional systems.

- Despite this prior record, Plaintiff was informed by the Graduate Admissions office that his application could not be found or located within Defendant's admissions system.

## E. Admissions Decision

- Plaintiff later received a written denial letter stating that his application had been reviewed by faculty members.
- These communications reflect differing descriptions of Plaintiff's application status, including submission confirmation, inability to locate the application, and subsequent faculty review.

## F. Admissions Office Communication

- During the application process, Plaintiff received a phone call from a senior admissions counselor while application materials were being submitted.
- During that call, Plaintiff was asked about his reasons for applying to the program, and the call ended following discussion of Plaintiff's background.

## G. Protected Class

- Plaintiff is an African American male applicant.

## H. Procedural Context

- Defendant evaluates multiple applicants for admission to the same graduate program each admissions cycle and admits some applicants while denying others.
- Defendant maintains internal admissions records, evaluation materials, and related documentation for each applicant.
- Plaintiff does not have access to comparator applications, internal scoring materials, or admissions deliberation records, as such materials are exclusively maintained by Defendant.

## IV. COUNT I – VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000d et seq.)

- Plaintiff realleges and incorporates all preceding paragraphs.
- Defendant receives federal financial assistance and is prohibited from discriminating on the basis of race under Title VI.
- Plaintiff is a member of a protected class as an African American applicant.
- Plaintiff was denied admission to Defendant's School Counseling graduate program.

- Plaintiff alleges that the circumstances surrounding the processing of his application—including conflicting information regarding submission status, system availability, and faculty review—reflect inconsistent handling within Defendant's admissions process alongside the Office of Equal Opportunity (OEO) mishandling Plaintiff's discrimination formal complaint only compounds the factual allegations against the Dependant.
- Defendant evaluates multiple applicants using discretionary criteria and maintains exclusive control over admissions records and evaluation materials.
- The facts allegedly support a plausible inference that Plaintiff's application was not processed in the same consistent manner as other applicants and that race may have been a factor in the admissions decision.
- Defendant's actions resulted in Plaintiff's exclusion from the admissions process in violation of Title VI of the Civil Rights Act of 1964.

## V. COUNT II – VIOLATION OF TITLE IX (20 U.S.C. § 1681)

- Plaintiff may have been subjected to sex-based differential treatment in the graduate admissions process, raising a plausible concern under Title IX. The demographic statistics, combined with Plaintiff's personal experience, support a plausible inference of sex-based steering in the graduate admissions process.
- According to the University of Cincinnati's graduate school decision letter, Plaintiff admissions experience suggests that he was steered away from the *School Counseling* program rather than evaluated solely on academic merit. In particular, the denial letter encouraged Plaintiff to apply for another program, yet he was not given comparable guidance while being enrolled in the Sports Administration program course(s) the previous year and this differential treatment occurred in a context where the program demographics already reflect significant sex imbalance.
- For these reasons, Plaintiff believes the university's actions may have involved discrimination inconsistent with Title IX.
- Furthermore, taken together with the demographic patterns in the programs at issue, these facts support an inference that Plaintiffs treatment may have been influenced by considerations unrelated to legitimate academic criteria.

## VI. EXCLUSIVE CONTROL OF EVIDENCE

- Plaintiff alleges specific discrepancies in the handling of his application, including conflicting representations regarding its submission, availability in Defendant's system, and review status.

- The information necessary to evaluate these discrepancies—including comparator applications, internal evaluation notes, scoring rubrics, and admissions deliberations—is exclusively within Defendant's possession.
- Plaintiff cannot obtain this information absent discovery, and dismissal at the pleading stage would therefore be premature.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendment of 1972;
B. Award appropriate injunctive and equitable relief;
C. Award compensatory damages as permitted by law;
D. Permit discovery necessary to substantiate Plaintiff's claims;
E. Grant such other relief as the Court deems just and proper.

## VII. DISCOVERY AND JURY DEMAND

Plaintiff demands **discovery** and **trial** by jury on all issues so triable.

Respectfully submitted,

**Jordan M. Albright**
1366 Carriage Hill LN. #36
Hamilton, OH 45013
(513) 276-8042

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026 I served a true and correct copy of the foregoing First Amended Complaint upon Defendant by method of service *Certified Mail* addressed to:

KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 E. Broad St., 16th Floor
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
Columbus, OH 43215
kaitlyn.kachmarik@ohioago.gov

Counsel for Defendant, **University of Cincinnati**

Jordan Albright
27 April 2026