**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JORDAN M. ALBRIGHT,** | : | **Case No. 1:26-cv-00344** |
| | : | |
| **Plaintiff,** | : | **Judge Susan Dlott** |
| | : | |
| **v.** | : | |
| | : | |
| **UNIVERSITY OF CINCINNATI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

<u>**DEFENDANT'S MOTION TO DISMISS**</u>

Defendant University of Cincinnati moves this Court under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Jordan M. Albright's First Amended Complaint in its entirety. As explained in the Memorandum in Support, both Counts in the First Amended Complaint fail to state a claim upon which relief can be granted.

Respectfully submitted,

**DAVID A. YOST**
**Ohio Attorney General**

/s/ *Kaitlyn M. Kachmarik*

_____
KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 E. Broad St., 16th Floor
Columbus, OH 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
kaitlyn.kachmarik@ohioago.gov

*Counsel for Defendant*

1

**MEMORANDUM IN SUPPORT**

Plaintiff Jordan M. Albright applied to the University of Cincinnati's Master of Education in School Counseling Program.  Two days after being denied admission, Plaintiff filed three complaints: (1) a complaint with the University's Office of Equal Opportunity, (2) a separate complaint with the U.S. Department of Education's Office for Civil Rights, and (3) this lawsuit. (ECF # 5, PAGEID 43 – 44).

In this lawsuit, Plaintiff alleges being denied admission "under circumstances suggesting discrimination based on [race, national origin, and/or sex]" in violation of Title VI of the Civil Rights Act of 1964 (Count I) and Title IX of the Education Amendments of 1972 (Count II).  (ECF # 5, PAGEID 43, ¶4; *Id*., PAGEID 46 – 47, Sections IV and V).  Plaintiff identifies as being a male African American. (*Id*., passim).  Plaintiff provides no further factual allegations in support of the Counts in the First Amended Complaint.  Instead, based on Plaintiff's assumption of wrongdoing, he asks *the Court* to investigate the University's admissions process.  (*Id*., PAGEID 44, ¶12).

Plaintiff also explains how he submitted a complaint to the University of Cincinnati's Office of Equal Opportunity, or OEO, "requesting an investigation and disclosure of admissions demographic statistics."  (*Id.*, PAGEID 43, ¶6).  Plaintiff then met with an OEO investigator. During that initial consultation, the investigator explained that Plaintiff would need to provide more detailed information, and identify an alleged University policy violation, before the OEO could open an investigation.  (*Id.*, ¶¶8 – 9).  In response, instead of providing the requested information, Plaintiff submitted a separate complaint against the investigator, claiming the investigator mishandled Plaintiff's initial complaint.  (*Id.*, PAGEID 44, ¶10).  And Plaintiff submitted a complaint to the U.S. Department of Education's Office for Civil Rights asking it to

1

require that the OEO follow internal OEO procedures.  (*Id.*, ¶11).  Plaintiff does not connect any of these allegations to his race or gender.

Nevertheless, Plaintiff's First Amended Complaint alleges the University violated Title VI (42 U.S.C. 2000d) and Title IX (20 U.S.C. 1681).  (*Id.*, PAGEID 46 - 47).  By way of relief, Plaintiff seeks monetary damages and a declaration that the University violated federal law.  (*Id.*, section VII).

Both of Plaintiff's Counts fail as a matter of law and should be dismissed. Plaintiff's Title VI and Title IX claims should be dismissed because the First Amended Complaint fails to allege facts supporting intentional discrimination or that the University engaged in any discriminatory conduct at all.

## I.      Standard of Review.

The University moves to dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  However, the court is "not bound to accept as true a *legal conclusion* couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663.  While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.     Plaintiff Failed to State A Plausible Title VI Claim (Count I).

Title VI of the Civil Rights Act of 1964 prohibits any "program or activity receiving Federal financial assistance" from discriminating "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. Title VI provides a private cause of action for injunctive relief and damages. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). There is, however, no private right of action for disparate impact; Title VI prohibits only intentional discrimination. *Id*. at 280. To state a claim for discrimination under Title VI, a plaintiff must allege that: (1) they were excluded from a program which receives federal financial assistance; and (2) the entity receiving federal funds intentionally discriminated on the basis of race (that is, race was a motivating and determining factor in defendants' exclusion of plaintiff). *Lawtone-Bowles v. Franklin Univ.*, No. 2:24-CV-4091, 2025 WL 2314760, at *5 (S.D. Ohio Aug. 12, 2025).

3

Plaintiff's Title VI race discrimination claim fails because Plaintiff did not allege facts establishing the elements of a *prima facie* discrimination case—intentional discrimination and that the University itself discriminated.

A plaintiff asserting a race discrimination claim under Title VI must allege more than conclusory assertions of unequal treatment—plaintiff must plead facts that, if true, establish discriminatory intent. *Thompson v. Ohio State Univ.*, 990 F. Supp. 2d 801, 816 ("a plaintiff must plead facts that establish discriminatory intent").

Here, Plaintiff offered only a bare, formulaic assertion about being denied admission "under circumstances suggesting discrimination based on [race, national origin, and/or sex]." (ECF # 5, PAGEID 43, ¶4). That type of conclusory allegation—untethered to any supporting facts—falls far short of the pleading standard. Plaintiff did not identify any specific comparator, describe how such individuals were similarly situated, or allege facts showing that the University treated those individuals more favorably under comparable circumstances. Nor did Plaintiff allege any facts suggesting that race played any role in the decision denying his admission to the University's Master of Education in School Counseling Program.

Courts in this District routinely dismiss claims premised on similarly deficient allegations. *Lawtone-Bowles v. Franklin Univ.*, No. 2:24-CV-4091, 2025 WL 2314760, at *5 (S.D. Ohio Aug. 12, 2025); *Taylor v. Univ. Hosps. of Cleveland*, No. 21-3177, 2022 U.S. App. LEXIS 4286, at *9 (6th Cir. Feb. 16, 2022); *Saqr v. Univ. of Cincinnati*, No. 1:18-CV-542, 2019 WL 699347 (S.D. Ohio Feb. 20, 2019). In *Lawtone-Bowles*, the Court dismissed a discrimination claim where the complaint was "devoid of allegations" explaining how the plaintiff was discriminated against on the basis of a protected characteristic, emphasizing that scattered or conclusory assertions do not provide fair notice or state a plausible claim. *Id*. at *13–14. The same is true here. Plaintiff's

conclusory allegation, without more, is precisely the type of allegation that courts reject as insufficient.  Accordingly, Count I should be dismissed in its entirety.

### III.     Plaintiff Failed to State a Claim under Title IX (Count II).

In Count II, Plaintiff asserted a violation of Title IX of the Education Amendments of 1972. Plaintiff's conclusory allegation about being denied admission "under circumstances suggesting discrimination based on [race, national origin, and/or sex]" is insufficient to state a claim.  (ECF # 5, PAGEID 43, ¶4).

Title IX was modeled after Title VI.  The two statutes are parallel to each other "except that [Title VI] prohibits race discrimination, not sex discrimination, and applies in all programs receiving federal funds, not only in education programs. The two statutes operate in the same manner[.]" Gebser *v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) (internal citations omitted); *see also Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235, 240 (6th Cir. 2019) (finding that, like Title VI, Title IX does not prohibit disparate impact discrimination).

Consequently, Plaintiff's Title IX claim against the University can be dismissed for the same reasons as Plaintiff's Title VI claim.  *See, e.g., Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1126 (N.D. Cal. 2013) (dismissing Title VI and Title IX claims because both claims are held to the same standard); *Manolov v. Borough of Manhattan Cmty. Coll.,* 952 F. Supp. 2d 522, 534 (S.D.N.Y. 2013) (same); *Mungai v. Univ. of Minnesota*, 141 F.4th 959, 965 (8th Cir. 2025) (affirming dismissal of Title VI and Title IX claims because both claims are held to the same standard); *Williams v. Pennridge Sch. Dist.*, 782 F. App'x 120, 126 (3d Cir. 2019) (affirming dismissal of Title VI and Title IX retaliation claims because both claims are held to the same standard).

For instance, here, Plaintiff offered only a bare assertion of being denied admission "under circumstances suggesting discrimination based on [race, national origin, and/or sex]," devoid of any factual support. (ECF # 5, PAGEID 43, ¶4).  That is insufficient as a matter of law. *Doe v. Case W. Rsrv. Univ.,* No. 1:14CV2044, 2015 WL 5522001, at *6 (N.D. Ohio Sept. 16, 2015) (dismissal of plaintiff's Title IX claim was appropriate where the complaint failed to identify any female counterpart).  Accordingly, Count II should be dismissed in its entirety.

## IV. Plaintiff Failed to Comply with Federal Pleading Requirements and Cannot Unlock the Doors of Discovery.

Although Fed. R. Civ. P. 8(a) only requires a "short and plain statement" of the claim, this Court and the University are not required to either guess the nature of or create Plaintiff's claim for him. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). *"Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir.2011) (citation omitted). Even so, a *pro se* plaintiff's complaint must meet basic pleading standards. *Wells,* 891 F.2d at 594.

Here, Plaintiff's First Amended Complaint fails to meet basic pleading requirements and give the University sufficient notice of the claims against which it must defend.  *See Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of a *pro se* complaint for failure to comply with federal pleading requirements and stating that "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading").

A "plaintiff armed with nothing more than conclusions" does not get to "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 679.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.  Plaintiff fails to state a plausible claim.

6

## V.        Conclusion.

For the reasons set forth above, Defendant University of Cincinnati respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety.

Respectfully submitted,

**DAVID A. YOST**
**Ohio Attorney General**

/s/ *Kaitlyn M. Kachmarik*

_____

KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 E. Broad St., 16th Floor
Columbus, OH 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
kaitlyn.kachmarik@ohioago.gov

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 6, 2026, I filed the foregoing using the Court's CM/ECF system, which will send electronic notice of such filing to all parties of record.  I also certify that on May 6, 2026, I mailed and emailed a copy of such filing to Plaintiff at the following address:

Jordan M. Albright
1366 Carriage Hill Lane #36
Hamilton, OH 45013
Email: albrightmentors@gmail.com

/s/ *Kaitlyn M. Kachmarik*

_____
KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General

8