**United States District Court – Southern District of Ohio**
**Cincinnati Division**
Potter Stewart U.S. Courthouse
100 E. 5th Street
Cincinnati, OH 45202



**JORDAN M. ALBRIGHT**

Plaintiff,

v.

**UNIVERSITY OF CINCINNATI,**

Defendant.

**Case No.:** 1:26-cv-00344

**Judge Susan Dlott**

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff, **Jordan Albright**, respectfully opposes Defendant's Motion to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). At this stage, Plaintiff is not required to prove discrimination, but only to allege sufficient factual matter to state a claim that is plausible on its face under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's First Amended Complaint alleges specific, non-conclusory facts showing a pattern of conflicting representations regarding the existence, status, and disposition of his graduate application for the School Counseling program, including initial confirmation of receipt, subsequent statements that the application could not be located in Defendant's admissions system, and later assertions that the application had been reviewed and denied.

Plaintiff is an African American male who was already known by University of Cincinnati, specifically the CECH department for his military service and for being a student at the Defendant's school the previous year.

Plaintiff further alleges additional irregularities in admissions communications and processing, including repeated inability to obtain consistent information regarding the handling of his application.

When accepted as true and viewed collectively, these allegations support a plausible inference of differential treatment in the processing of Plaintiff's application.

In the alternative, Plaintiff respectfully moves for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## II. LEGAL STANDARD (RULE 12(b)(6))

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

At this stage, the Court must:

- accept all factual allegations as true,
- draw all reasonable inferences in Plaintiff's favor, and
- determine only whether the complaint states a plausible claim, not whether Plaintiff will ultimately prevail.

A complaint is not required to plead evidentiary detail, comparator evidence, or proof of discriminatory intent at the pleading stage.

## III. ARGUMENT

### A. Plaintiff Alleges Specific Facts Plausibly Supporting Inconsistent Application Processing

Plaintiff submitted an application to Defendant's School Counseling graduate program on January 13, 2026. On January 15, 2026, Plaintiff received confirmation that the application had been successfully submitted and marked complete within the Defendant's admissions system.

Following this confirmation, Plaintiff was later informed via telephone by a female CECH representative that his graduate application could not be located within Defendant's admissions

system. At the same time, Defendant's admissions portal continued to reflect that the application had been successfully submitted and marked complete.

Plaintiff subsequently received a denial letter via email after speaking with Graduate Admissions faculty who had confirmed Plaintiff's identity as an African American male and then questioned his desire to go into School Counseling. These factual allegations, taken as true, plausibly support an inference of inconsistent processing and status reporting regarding Plaintiff's application during a single admissions cycle.

At the pleading stage, Plaintiff is not required to plead facts that eliminate non-discriminatory explanations such as administrative error, but only to allege facts permitting a reasonable inference of inconsistent treatment.

## B. The Alleged Procedural Inconsistencies Support a Plausible Inference of Differential Treatment

Plaintiff alleges multiple inconsistent representations regarding the status of his application during a single admissions cycle, including conflicting statements concerning whether the application was received, located, and reviewed.

When viewed collectively and in the light most favorable to Plaintiff, these inconsistencies plausibly support an inference of irregular application processing. Plaintiff was a former student at Defendant's school and his identity as an African American male was already known by CECH faculty for enrolling at the University of Cincinnati (main campus) the previous year.

Defendant's competing explanations raise factual issues that cannot be resolved at the Rule 12(b)(6) stage. *Iqbal*, 556 U.S. at 678.

## C. Plaintiff Alleges Contextual Facts Supporting Plausibility

Plaintiff alleges that his identity as an African American male was known or reasonably apparent to admissions personnel during relevant interactions and communications within the same admissions cycle.

Plaintiff further alleges contextual facts, including prior satisfactory interactions the previous year with the University of Cincinnati (Defendant), supporting a plausible inference of irregular administrative treatment.

At this stage, Plaintiff is entitled to all reasonable inferences arising from the alleged facts.

## D. Defendant Improperly Seeks Resolution of Factual Disputes

Defendant's Motion to Dismiss improperly asks the Court to adopt Defendant's interpretation of events and reject Plaintiff's competing reasonable inferences.

However, at the Rule 12(b)(6) stage, the Court may not weigh competing explanations or resolve factual disputes. *Iqbal*, 556 U.S. at 678.

Where multiple reasonable inferences may be drawn, the inference most favorable to Plaintiff must be accepted.

## E. Plaintiff Has Plausibly Stated Claims Under Title VI and Title IX

To state a claim under Title VI and Title IX, Plaintiff must allege facts sufficient to support a plausible inference of discrimination by a federally funded educational institution.

## 1. Legal Standard

To survive dismissal under Rule 12(b)(6), a complaint need only contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Twombly, Iqbal*. At the pleading stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. If this is a motion for leave to amend, leave should be freely granted where justice so requires under Rule 15(a)(2).

Plaintiff respectfully submits that the First Amended Complaint ("FAC") contains sufficient factual matter to state plausible claims for relief under Title VI and Title IX and therefore survives dismissal under Federal Rule of Civil Procedure 12(b)(6).

At the pleading stage, Plaintiff is not required to prove discrimination or produce evidentiary support, but only to allege facts that, accepted as true and construed in the light most favorable to Plaintiff, allow the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## 1. Title VI (Race Discrimination)

The FAC alleges that Defendant, a recipient of federal financial assistance, engaged in inconsistent handling of Plaintiff's graduate application for the School Counseling program. Specifically, Plaintiff alleges that Defendant initially confirmed receipt of his application, later stated that the application could not be located within Defendant's admissions system, and subsequently informed Plaintiff that the same application had been reviewed and denied after his identity as an African American male was confirmed by CECH faculty via telephone.

Plaintiff further alleges that Defendant's admissions process is discretionary in nature and that Defendant maintains exclusive control over admissions records and evaluation materials. Plaintiff also alleges that he is an African American male applicant and that the inconsistent and conflicting representations regarding the existence, status, and disposition of his application occurred within the context of Defendant's admissions decision-making process.

Taken together, these allegations, construed in the light most favorable to Plaintiff, support a plausible inference that Plaintiff's application was not processed in the same consistent manner as other applicants and that differential treatment may have occurred in connection with the handling of his application, in violation of Title VI.

These allegations are sufficient at the pleading stage to proceed to discovery.

## 2. Title IX (Sex Discrimination)

The FAC further alleges facts that, taken as true and construed in the light most favorable to Plaintiff, are sufficient at this stage to support a plausible inference of sex-based differential treatment in the admissions process.

Plaintiff alleges that following the denial of admission to the School Counseling program, he was encouraged by Defendant's admissions communications to consider application to an alternative graduate program. Plaintiff further alleges that this guidance occurred in the context of a graduate admissions process that involves discretionary evaluation rather than strictly objective criteria, and within programs reflecting significant sex-based demographic imbalances.

Although additional factual development may be necessary through discovery, these allegations are sufficient at the pleading stage to support a plausible inference that Plaintiff may have been treated differently in the admissions process on the basis of sex in violation of Title IX.

At this stage, Plaintiff is not required to prove discriminatory intent or produce comparative admissions data. The FAC alleges specific facts regarding inconsistent and conflicting admissions representations and differential treatment in the handling of Plaintiff's application. When accepted as true and viewed collectively, these allegations are sufficient to state plausible claims under Title VI and Title IX. Accordingly, Defendant's Motion to Dismiss should be denied.

## IV. CONCLUSION (RULE 12 REQUEST)

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Deny Defendant's Motion to Dismiss in its entirety;
2. Permit the case to proceed to discovery; and
3. Grant any other relief the Court deems just and proper.

## V. IN THE ALTERNATIVE: MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (RULE 15(a)(2))

In the alternative, should the Court determine that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6), Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2).

### A. Legal Standard

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Sixth Circuit applies a liberal standard in favor of amendment, particularly at early stages of litigation.

In determining whether to grant leave, courts consider undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. Absent such factors, leave should be granted.

None of these factors are present here.

### B. Basis for Amendment

Plaintiff seeks leave to file a Second Amended Complaint to clarify and supplement factual allegations concerning the processing of Plaintiff's application to Defendant's School Counseling graduate program.

The proposed amendments do not assert new claims or new legal theories. Instead, they refine and clarify the chronology and description of existing factual allegations, including:

- the timeline of application submission and confirmation;
- communications regarding application status;
- inconsistent representations regarding whether the application could be located and whether it had been reviewed; and
- procedural handling of Plaintiff's application within Defendant's admissions system.

These clarifications are intended to improve clarity and organization of the pleadings.

## C. No Undue Prejudice

Granting leave to amend will not prejudice Defendant. This case remains at the pleading stage, no discovery has occurred, and no scheduling order or substantive litigation deadlines will be disrupted.

## D. No Futility

Any perceived deficiencies in the current Complaint arise from the need for clarification and organization of factual allegations rather than the absence of a viable legal claim.

The proposed amendments would not be futile because they do not assert new claims but instead clarify and supplement existing allegations already before the Court.

## E. Interest of Justice

The Federal Rules favor resolution of cases on their merits. Allowing amendment at this early stage promotes judicial efficiency and ensures the Court evaluates Plaintiff's claims on a complete and clearly organized factual record.

## F. Proposed Second Amended Complaint

A clean copy of the Proposed Second Amended Complaint is attached hereto as **Exhibit A**.

# VI. CONCLUSION (RULE 15 REQUEST)

Accordingly, in the alternative, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Respectfully submitted,

**Jordan M. Albright**
1366 Carriage Hill LN. #36
Hamilton, OH 45013
(513) 276-8042

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026 I served a true and correct copy of the foregoing Memorandum in Opposition to Defendant's Motion to Dismiss and Motion for Leave to file Second Amended Complaint upon Defendant by method of service *Certified Mail* addressed to:

KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 E. Broad St., 16th Floor
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
Columbus, OH 43215
kaitlyn.kachmarik@ohioago.gov

Counsel for Defendant, **University of Cincinnati**


Jordan Albright
15 May 2026