**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JORDAN M. ALBRIGHT,** | : | **Case No. 1:26-cv-00344** |
| | : | |
| **Plaintiff,** | : | **Judge Susan Dlott** |
| | : | |
| **v.** | : | |
| | : | |
| **UNIVERSITY OF CINCINNATI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS**

Defendant University of Cincinnati files this Reply in Support of its Motion to Dismiss

Plaintiff's First Amended Complaint (Doc. 7).  Plaintiff's arguments in his Memorandum in

Opposition to the University's Motion to Dismiss do not effectively counter the Motion.[1]  The

University's Motion should be granted in full.

**I.      Plaintiff fails to state a plausible Title VI discrimination claim.**

Without citing to any allegations in his First Amended Complaint, Plaintiff claims the

University's processing of his application to the Master of Education in School Counseling

Program supports a "plausible inference of inconsistent processing." (Doc. 8, PAGEID # 61 – 62).

And because the faculty in the University's College of Education, Criminal Justice, and Human

Services (CECH) knew Plaintiff was an African American male, that creates a "reasonable

inference of inconsistent treatment."  (Id.)    That's not enough to survive a Rule 12(b)(6) motion

to dismiss.

---

[1] Plaintiff's Response also includes a Motion requesting leave to file a Second Amended Complaint.  (Doc. 8).  The University will be filing a separate memorandum in opposition to that Motion on or before the 21-day deadline in accordance with S.D. Ohio Civ. R. 7.2(a)(2).

To survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Despite Plaintiff's insistence, his First Amended Complaint fails to state a plausible Title VI discrimination claim, and Plaintiff provides no legal argument in his Memorandum in Opposition that would warrant a different conclusion. A plaintiff asserting a race discrimination claim under Title VI must allege more than conclusory assertions of unequal treatment—plaintiff must plead facts that, if true, establish discriminatory intent. *Thompson v. Ohio State Univ.*, 990 F. Supp. 2d 801, 816 ("a plaintiff must plead facts that establish discriminatory intent").

Here, Plaintiff's First Amended Complaint offered only a bare, formulaic assertion about being denied admission "under circumstances suggesting discrimination based on [race, national origin, and/or sex]." (ECF # 5, PAGEID 43, ¶4).  And now, in his Memorandum in Opposition, Plaintiff claims the University's processing of his application to the Master of Education in School Counseling Program supports a "plausible inference of inconsistent processing." (Doc. 8, PAGEID

2

# 61 – 62). And because the faculty in the University's College of Education, Criminal Justice, and Human Services (CECH) knew Plaintiff was an African American male, that creates a "reasonable inference of inconsistent treatment."  (Id.)

Those types of conclusory assertions of unequal treatment fall far short of the pleading standard required to survive a Rule 12(b)(6) motion.  Indeed, Plaintiff did not identify any specific comparator, describe how such individuals were similarly situated, or allege facts showing that the University treated those individuals more favorably under comparable circumstances. Nor did Plaintiff allege any facts suggesting that race played any role in the decision denying his admission to the University's Master of Education in School Counseling Program.

Courts in this District routinely dismiss claims premised on similarly deficient allegations. *Lawtone-Bowles v. Franklin Univ.*, No. 2:24-CV-4091, 2025 WL 2314760, at *5 (S.D. Ohio Aug. 12, 2025); *Taylor v. Univ. Hosps. of Cleveland*, No. 21-3177, 2022 U.S. App. LEXIS 4286, at *9 (6th Cir. Feb. 16, 2022); *Saqr v. Univ. of Cincinnati*, No. 1:18-CV-542, 2019 WL 699347 (S.D. Ohio Feb. 20, 2019). In *Lawtone-Bowles*, the Court dismissed a discrimination claim where the complaint was "devoid of allegations" explaining how the plaintiff was discriminated against on the basis of a protected characteristic, emphasizing that scattered or conclusory assertions do not provide fair notice or state a plausible claim. *Id*. at *13–14. The same is true here. Plaintiff's conclusory allegations, without more, are precisely the type of allegations that courts reject as insufficient.  Accordingly, Count I should be dismissed in its entirety.

## II.      Plaintiff fails to state a plausible Title IX discrimination claim.

Count II, Plaintiff's Title IX claim, should be dismissed as well because Title IX was modeled after Title VI.  The two statutes are parallel to each other "except that [Title VI] prohibits race discrimination, not sex discrimination, and applies in all programs receiving federal funds,

not only in education programs. The two statutes operate in the same manner[.]" Gebser *v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) (internal citations omitted); *see also Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235, 240 (6th Cir. 2019) (finding that, like Title VI, Title IX does not prohibit disparate impact discrimination).

Consequently, Plaintiff's Title IX claim against the University can be dismissed for the same reasons as Plaintiff's Title VI claim. *See, e.g., Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1126 (N.D. Cal. 2013) (dismissing Title VI and Title IX claims because both claims are held to the same standard); *Manolov v. Borough of Manhattan Cmty. Coll.,* 952 F. Supp. 2d 522, 534 (S.D.N.Y. 2013) (same); *Mungai v. Univ. of Minnesota*, 141 F.4th 959, 965 (8th Cir. 2025) (affirming dismissal of Title VI and Title IX claims because both claims are held to the same standard); *Williams v. Pennridge Sch. Dist.*, 782 F. App'x 120, 126 (3d Cir. 2019) (affirming dismissal of Title VI and Title IX retaliation claims because both claims are held to the same standard).

Again, without citing to any allegations in his First Amended Complaint, Plaintiff claims the University's processing of his application to the Master of Education in School Counseling Program supports a "plausible inference of inconsistent processing." (Doc. 8, PAGEID # 61 – 62). And because the faculty in the University's College of Education, Criminal Justice, and Human Services (CECH) knew Plaintiff was an African American male, that creates a "reasonable inference of inconsistent treatment." (Id.)

Plaintiff's bare assertions and belief are insufficient as a matter of law to survive a Rule 12(b)(6) motion to dismiss. *Doe v. Case W. Rsrv. Univ.,* No. 1:14CV2044, 2015 WL 5522001, at *6 (N.D. Ohio Sept. 16, 2015) (dismissal of plaintiff's Title IX claim was appropriate where the

4

complaint failed to identify any female counterpart). Accordingly, Count II should be dismissed in its entirety as well.

## III.    Conclusion.

Plaintiff fails to state a plausible Title VI or Title IX claim. *See Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of a *pro se* complaint for failure to comply with federal pleading requirements and stating that "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading").

For the reasons set forth above and in the University's Motion to Dismiss, the University respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety.

Respectfully submitted,

**DAVID A. YOST**
**Ohio Attorney General**

/s/ *Kaitlyn M. Kachmarik*

_____
KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 E. Broad St., 16th Floor
Columbus, OH 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
kaitlyn.kachmarik@ohioago.gov

*Counsel for Defendant*

5

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 27, 2026, I filed the foregoing using the Court's CM/ECF system, which will send electronic notice of such filing to all parties of record.  I also certify that on May 27, 2026, I mailed and emailed a copy of such filing to Plaintiff at the following address:

Jordan M. Albright
1366 Carriage Hill Lane #36
Hamilton, OH 45013
Email: albrightmentors@gmail.com

/s/ *Kaitlyn M. Kachmarik*

_____
KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General