IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jordan M. Albright, | : | Case No. 1:26-cv-344 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| University of Cincinnati, | : | Order Denying Motion for Relief from Judgment |
| | : | |
| Defendant. | : | |

Pending before the Court is Plaintiff Jordan M. Albright's Motion for Relief from Judgment. (Doc. 14.) Albright filed this suit against Defendant University of Cincinnati ("UC") alleging that he was denied admission into a graduate counseling program based on his race and sex in violation of federal law. The Court issued an Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motion for Leave to File Second Amended Complaint ("Dismissal Order") on July 22, 2026 because Albright had failed to plead sufficient facts to state a plausible claim of race or sex discrimination. (Doc. 12.) The Clerk of Court entered Judgment in UC's favor the same day. (Doc. 13.)

Eight days later, Albright filed the pending Motion under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence or extraordinary circumstances. He presented communications with UC, UC enrollment records, and his own sworn declaration as new or newly discovered evidence supporting his discrimination claims. UC filed a Memorandum in Opposition. (Doc. 16.) Albright then filed a Reply brief to which he attached additional new or newly discovered evidence. (Doc. 17.) For the reasons that follow, the Court will **DENY** the Motion for Relief from Judgment.

## I. STANDARD OF LAW

Albright seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6), which states in relevant part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> * * *
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To succeed on a Rule 60(b)(2) motion, the "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison* Co., 149 F.3d 413, 423 (6th Cir. 1998) (citations omitted). The newly discovered evidence cannot be "merely impeaching or cumulative." *Id.* "[E]vidence that came into existence after judgment was entered . . . does not qualify as 'newly discovered evidence.'" *McFall v. Patton*, No. 99-5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000) (quoting Fed. R. Civ. P. 60(b)); *see also Davis v. Jellico Comm. Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (stating that newly discovered evidence must have existed at the time judgment is entered).

Courts apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *Pierce v. United Mine Workers of Am. Welfare and Ret. Fund for 1950 and*

*1974*, 770 F.2d 449, 451 (6th Cir. 1985). The Court must balance the competing policies of respecting the finality of judgments and attempting to do justice in light of the facts. *See Blue Diamond Coal Co. v. Trustees of the UMWA Combined Ben. Fund*, 249 F.3d 519, 529 (6th Cir. 2001). A district court's discretion in considering a motion made under Rule 60(b)(6) is "especially broad" given the underlying equitable principles involved. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

## II. ANALYSIS

Albright seeks relief from the Judgment entered on July 22, 2026 pursuant to Rule 60(b)(2) and 60(b)(6). The Court points out from the onset that the application of Rule 60(b) to a dismissal under Federal Rule of Civil Procedure 12(b)(6) is awkward. Rule 60(b)(2) allows relief from judgment based on newly discovered evidence, and in certain exceptional circumstances Rule 60(b)(6) might allow relief based on new evidence which did not exist when the Judgment was entered. Rule 12(b)(6), on the other hand, provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6) does not involve the consideration of facts proven by evidence. So the Court must look at the evidence Albright presented in his Motion for Reconsideration through a lens of considering whether the purported new or newly-discovered evidence would provide a good faith factual basis for Albright to amend his First Amended Complaint.

### A. Rule 60(b)(2)

Before examining the proffered newly discovered evidence, an overview of Albright's theory of relief would be helpful. Albright asserts that in July 2026, after UC denied him admission into its graduate counseling program and before the Judgment was entered in this case, UC accepted his application to take graduate counseling classes as a non-matriculating and

non-degree seeking student.[1] Albright then enrolled in graduate counseling classes as a non-matriculating student, and he gained access to certain enrollment capacity statistics. Albright contends that this newly discovered evidence, including the enrollment capacity statistics, demonstrates that UC had enrollment capacity to admit him into the graduate counseling program as a degree-seeking student. He argues that the fact that UC denied him admission when they had enrollment capacity is evidence of discrimination.

Albright attached four sets of exhibits to the Motion for Relief from Judgment.[2] UC correctly points out, however, that not all of the exhibits constitute newly discovered evidence under Rule 60(b)(2). Exhibit A is a July 8, 2026 email from the UC registrar to Albright stating that he had been accepted "into a non-matriculated, non-degree seeking program" at UC and explaining how he could register for classes. (Doc. 14-1 at PageID 138–139.) This email does not qualify as *newly discovered evidence* because Albright received this email more than two weeks before Judgment was entered on July 22, 2026. *See Flynt v. Brownfield, Bowen & Bally*, 726 F. Supp. 1106, 1111 (S.D. Ohio 1989) (denying relief under Rule 60(b)(2) where plaintiff had possession of the documents and failed to bring them to the district court's attention prior to issuance of summary judgment).

The Court will not consider Exhibits C or D-1 to D-3 for the same reason. Exhibit C consists of two emails dated July 7, 2026 from the UC registrar to Albright in response to his requests to register as a non-matriculated student using two different email addresses. Again, Albright could have brought these emails to the Court's attention before July 22, 2026. (Doc. 14-1 at PageID 146–147.) Exhibits D-1 to D-3 are not new or newly discovered—they are

[1] The UC communication uses the term "admitted" in the July 8, 2026 email. (Doc. 14-1 at PageID 138.) But to avoid confusion, the Court will use the terms admitted or admission to refer only to the process whereby UC grants an applicant admission as a matriculating and degree-seeking student.

[2] Albright also attached additional new exhibits to the Reply brief, but he admits the evidence is new, not newly discovered. He asserts that the Reply exhibits support his Rule 60(b)(6) argument only. (Doc. 17 at PageID 179.)

Albright's communications with UC's administrators in April 2026. (*Id.* at PageID 148–157.) They are cumulative of exhibits attached to the initial Complaint, and they were the basis for the allegations in the First Amended Complaint. *See Good*, 149 F.3d at 423 (stating that Rule 60(b)(2) evidence cannot be merely cumulative).[3]

That leaves Exhibits B-1 through B-6, D-4, and D-5. Exhibits B-1 through B-6 are screen shots or .pdf documents of UC "Class Detail" webpages appearing to show that different sections of three graduate counseling classes had seats available for students to enroll. (Doc. 14-1 at PageID 145.) The webpage .pdfs are all dated July 28, 2026, and UC argues that they should not be considered newly-discovered evidence. *See McFall*, 2000 WL 1721043, at *2 (stating that evidence that came into existence after judgment was entered is not newly discovered evidence). Albright printed the webpage .pdfs on July 28, 2026, but the underlying information—that the particular UC classes had open seats for enrollment—existed prior to the July 22, 2026 Judgment. Albright asserts that he could not access enrollment capacity statistics until he was accepted by UC as a non-matriculating and non-degree seeking student. Exhibit D-4 appears simply to be an undated photo ID issued to Albright after UC allowed him to register for graduate counseling classes as a non-matriculating student. (Doc. 14-1 at PageID 158.) Exhibit D-5 is a webpage .pdf printed on July 24, 2026 that shows the classes in which Albright enrolled as a non-matriculating student. (Doc. 14-1 at PageID 159.) The Court will assume that Exhibits B-1 through B-6, D-4, and D-5 constitute newly discovered evidence for purposes of Rule 60(b)(2).

Albright argues that these exhibits—primarily the enrollment capacity statistics—"raise[ ] substantial questions regarding UC's stated reasons for denying admission, . . . and

[3] Albright purports to have attached a declaration as Exhibit E to his Motion, but the declaration was not filed. (Doc 14 at PageID 136.)

whether Plaintiff was treated unfairly because of his Protected Category as an *African-American male.*" (Doc. 14 at PageID 125 (emphasis in the original).) If the Court granted Albright relief from the Judgment, he could move to amend the First Amended Complaint ("FAC") or the proposed Second Amended Complaint ("SAC") to add facts supported by Exhibits B-1 through B-6, D-4, and D-5. So the issue becomes whether adding allegations that some graduate counseling classes were not filled to capacity to the existing FAC or proposed SAC would be sufficient to state viable claims for race or gender discrimination.

The Court concludes that the enrollment capacity allegations would not have materially changed the Court's decision to dismiss this case. The class enrollment statistics in Exhibits B-1 through B-6 do not indicate the race or gender of the students enrolled in the graduate-level counseling classes. The class enrollment statistics are not facially material to Albright's claims that he was denied admission to the program based on his race or gender.

Instead, Albright argues that the newly discovered evidence calls into question UC's stated reason for denying him admission to the graduate counseling program. But Albright did not plead any facts in his FAC or proposed SAC suggesting that UC gave a basis for denying him admission to the graduate counseling program in the April 3, 2026 denial letter. Albright alleged in conclusory fashion in ¶¶ 4–5 of the FAC that despite his "stellar qualifications[,]" he "was denied admission under circumstances suggesting discrimination based on **[race, national origin, and/or sex].**" (Doc. 5 at PageID 43 (emphasis in the original)). The denial letter itself, which Albright attached to the initial Complaint and to the Motion for Relief from Judgment, gives no reason for the denial:

> Your application for admission to University of Cincinnati's Counseling, School, Master of Education program has been reviewed by the program faculty. In their review the faculty considered all application materials. It is with sincere regret that I must inform you that we are unable to offer you admission at this time.

(Doc. 1 at PageID 18; Doc. 14-1 at PageID 148.) It is inaccurate for Albright to now suggest that the enrollment statistics undermine UC's stated reason for denying him admission. The newly-discovered evidence simply does not shed any light on why UC denied Albright admission to the graduate counseling program. The Court will not grant Albright relief from judgment under Rule 60(b)(2).

**B. Rule 60(b)(6)**

Rule 60(b)(6) "contemplates situations where something more is present than those situations contemplated by the other clauses in the rule." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (cleaned up). In balancing the need for finality with the goal of ensuring justice, the Court finds that the need for finality weighs most heavily here. *See Blue Diamon Coal Co.*, 249 F.3d at 529 (on balancing). UC already has had to file briefs responding to an initial Complaint, the FAC, and a proposed SAC, all of which failed to state a plausible discrimination claim upon which relief could be granted. The new arguments and evidence presented in the Motion for Relief from Judgment are not compelling, and the new arguments and evidence presented for the first time in the Reply brief cannot be considered in fairness to UC.[4] Albright has not established that extraordinary or exceptional circumstances exist to grant him relief from judgment.

---

[4] It was improper for Albright to present new arguments and evidence in his Reply brief that he did not present in the Motion for Relief from Judgment. "It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new arguments." *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) (internal quotation and citation omitted); *see also Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 823 (S.D. Ohio 2010) (striking portion of a reply brief that raised new issue not addressed in the summary judgment motion); *Czerwinski v. Gallagher*, 661 F. Supp. 3d 718, 722 n.2 (E.D. Mich. 2023) (declining to consider a new argument in a reply that the plaintiff did not address in a summary judgment motion).

## III. CONCLUSION

For the reasons above, Albright's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge